UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIREMAN'S FUND | C.A. NO.: 08-4882 |
| INSURANCE COMPANY | C/W NO. 08-4958 |
| | |
| VERSUS | SECTION "L" |
| | |
| SNEED SHIPBUILDING, INC. | DIVISION (4) |
| | MAGISTRATE ROBY |

## MOTION TO DISMISS BASED UPON LACK OF CASE OR CONTROVERSY

NOW INTO COURT, through undersigned counsel, come defendants, Sneed Shipbuilding, Inc. and Martin Sneed, both of whom respectfully move this Honorable Court for dismissal of the captioned Declaratory Judgment action filed by Fireman's Fund Insurance Company. In short, the lack of an actual case or controversy presented by Fireman's Fund Insurance Company's Complaint for Declaratory Judgment deprives this Court of subject matter jurisdiction. Accordingly, this Court should dismiss Fireman's Fund Insurance Company's Declaratory Judgment action; alternatively, Sneed Shipbuilding, Inc. urges this Court to stay the declaratory judgment action pending resolution of the state court proceeding.

                                              Respectfully submitted,
                                              **TAGGART MORTON, L.L.C.**
                                              /s/ *Perry R. Staub, Jr.*
                                              PERRY R. STAUB, JR. (#12414)
                                              1100 Poydras Street, Suite 2100
                                              New Orleans, Louisiana 70163-2100
                                              Telephone: (504) 599-8500
                                              Email: pstaub@taggartmorton.com

                                              STEVE M. SIKICH (#18026)
                                              The Sikich Law Firm
                                              309 E. Sallier Street * Suite B
                                              Lake Charles, LA 70601
                                              PH: (337) 721-8008
                                              Email: ssikich@sikichlaw.com
                                              *Attorney for Defendants, Sneed Shipbuilding, Inc.*
                                              *Martin Sneed*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served through use of the Court's Electronic Case Filing System on all counsel of record having registered email addresses, and via United States mail, first class postage prepaid, or by hand delivery, or by facsimile to all counsel of record not registered in the Court's Electronic Case Filing System, on Monday, May 11, 2009.

/s/ *Perry R. Staub, Jr.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIREMAN'S FUND** | **C.A. NO.: 08-4882** |
| **INSURANCE COMPANY** | **C/W NO. 08-4958** |
| | |
| **VERSUS** | **SECTION "L"** |
| | |
| **SNEED SHIPBUILDING, INC.** | **DIVISION (4)** |
| | **MAGISTRATE KAREN WELLS ROBY** |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
BASED UPON LACK OF CASE OR CONTROVERSY**

Defendants, Sneed Shipbuilding, Inc. ("Sneed") and Martin Sneed, submit this memorandum in support of their Motion to Dismiss Based upon Lack of Case or Controversy. Due to the contingent and hypothetical nature of the captioned declaratory judgment action filed by Fireman's Fund Insurance Company ("FFIC") this Court should decline to accept its jurisdiction and should dismiss FFIC's declaratory judgment action; alternatively, the matter should be stayed pending resolution of the referenced state court actions.

This case involves a declaration of rights regarding the extent of insurance coverage under a contract of marine insurance. FFIC was the underwriter of a Marine's Builder's Risk Insurance Policy in favor of Sneed Shipbuilding. Sneed Shipbuilding and Superior Shipyard, Inc. entered into a Vessel Construction Contract dated April 27, 2005 and later amended on August 17, 2005 wherein Sneed agreed to build two dry docks for Superior Shipyard. After completion of the work by Sneed, Superior Shipyard filed suit against Sneed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Case No. 648-626 to recover damages against Sneed Shipbuilding and others alleging, among other things, that one of the dry docks constructed by Sneed under the referenced Vessel Construction Contract contained defects and failed to meet the terms of the contract specifications.

Sneed thereafter forwarded to FFIC a copy of the lawsuit filed against it by Superior Shipyard and requested defense and indemnity under the aforementioned policy. Thereafter, FFIC denied coverage under the policy for the claims asserted by Superior. On February 7, 2008, the state court litigation was transferred to the 17th Judicial District Court for the Parish of Lafourche and assigned case No. 108-910. On July 21, 2008, Superior Shipyard amended its Petition to assert claims directly against FFIC under the Louisiana Direct Action Statute. Thereafter, on February 17, 2009, FFIC filed a Motion for Summary Judgment in State Court in LaFourche Parish. Judge F. Hugh LaRose denied FFIC's Motion for Summary Judgment as well as co-defendant's Federal Insurance Company's Motion for Summary Judgment on March 17, 2009. See Judgment signed by Judge LaRose dated April 1, 2009, which is attached as Exhibit "A".

FFIC is asking this Court to spend its resources deciding an academic question based upon facts which may never come to pass. Under these circumstances, this Court lacks subject matter jurisdiction and must dismiss FFIC's Complaint for Declaratory Judgment. At a minimum, a determination of the defendant's liability would have to be made before FFIC would be required to indemnify the defendants. Furthermore, this Court, in order to make an insurance coverage determination, would be required to receive testimony from innumerable witnesses.

**THE DECLARATORY JUDGMENT ACT REQUIRES AN ACTUAL CASE OR CONTROVERSY**

Only "in a case of actual controversy" may a court issue a declaratory judgment. 28 U.S.C. §2201. Lack of a case or controversy is a jurisdictional problem properly addressed by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Adolph v. Federal Emergency Management Agency of the U.S.*, 854 F.2d 732, 735 (5th Cir. 1988). In an oft-cited decision, the Supreme Court described the analysis for determining whether an issue presents an actual controversy:

Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

An actual controversy must be capable of present litigation and decision and must not be "hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967). The Fifth Circuit has also recognized that it is not the function of a trial court "to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *American Fidelity & Casualty Co. v. Pennsylvania T. & F. M. Casualty Ins.*, 280 F.2d 453, 461 (5th Cir. 1960).

FFIC desires an advisory opinion on whether it will be held liable under these circumstances. An analogous case illustrates the hypothetical nature of FFIC's request. *Hendrix v. Poonai*, 662 F.2d 719 (11th Cir. 1981). In *Hendrix*, a group of doctors was concerned about the legal consequences of actions the group planned to take. The group of doctors had recommended that the practice privileges of one of their members, Dr. Poonai, be revoked. Dr. Poonai filed Sherman Act and Civil Rights actions against the group. While the suit was pending, Dr. Poonai actually resigned. Following his resignation, Dr. Poonai applied for readmission to the group. At that time the doctors sought a declaratory judgment stating that any rejection by the group of Dr. Poonai's readmission application would not be a violation of federal antitrust laws.

The Eleventh Circuit determined that this set of circumstances did not present a live case or controversy, despite the adversity of the parties in ongoing litigation. *Id.* at 721. The court held that the request for declaratory judgment presented an "abstract question based upon the possibility of a factual situation that may never develop." *Id., citing, Brown and Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967). The court reasoned as follows:

The hypothetical nature of the dilemma alleged by the appellants is made clear by the fact that if Dr. P.V. Poonai's readmission application is approved (and we must assume that it might be), the potential for further antitrust litigation against the appellants no longer will exist. In essence, the appellants are seeking a declaration that if they deny appellee's readmission application, and if the appellee subsequently brings an antitrust action based on that denial, then the appellants will be protected from liability.

{N1964274.1}                                          5

*Id*.  Although the underlying facts differ, the strategy pursued by the doctors in *Hendrix* and FFIC are almost identical.  FFIC has in essence asked this Court to assume that a sequence of events will occur and to determine, based upon this hypothetical sequence of events, FFIC's liability.

### THIS COURT HAS DISCRETION TO DISMISS ANY DECLARATORY JUDGMENT ACTION

Under Fifth Circuit law, this Court has broad discretion to dismiss a declaratory judgment action even if the action presents an actual case or controversy.  *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994).  This discretion is constrained by a requirement that the Court not dismiss based simply upon personal inclination or whim.  *Id*.  Furthermore, the Court must conduct an analysis of factors set forth by the Fifth Circuit.  *Id*.  The factors are:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,  2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and . . . whether the federal court is being called on to construe a state judicial decree involving the same parties.

*Id*. (citations omitted).

The consideration which is most relevant to this adversary proceeding is the consideration of judicial economy.  Even if FFIC carries its burden of identifying a justiciable case or controversy, this Court should exercise its discretion to dismiss the complaint for reasons of judicial economy.

Defendant submits that the overwhelming majority of facts listed above favor dismissal of the current suit.  A complete determination of liability, as well as insurance coverage, can be made in the pending State Court proceedings.

### CONCLUSION

For the foregoing reasons, FFIC's Declaratory Complaint should be dismissed; alternatively, this Court should stay all proceedings pending a resolution of the State Court litigation.

Respectfully submitted,
**TAGGART MORTON, L.L.C.**

/s/ *Perry R. Staub, Jr.*
PERRY R. STAUB, JR. (#12414)
MARK E. VAN HORN (#14476)
LARRY E. DEMMONS (#24376)
1100 Poydras Street, Suite 2100
New Orleans, Louisiana 70163-2100
Telephone: (504) 599-8500
Facsimile:  (504) 599-8501
Email: pstaub@taggartmorton.com


STEVE M. SIKICH (#18026)
The Sikich Law Firm
309 E. Sallier Street * Suite B
Lake Charles, LA 70601
PH: (337) 721-8008
FAX: (337) 721-8006
Email: ssikich@sikichlaw.com
*Attorney for Defendants,*
*Sneed Shipbuilding, Inc. and*
*Martin Sneed*


**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the above and foregoing pleading has been served through use of the Court's Electronic Case Filing System on all counsel of record having registered email addresses, and via United States mail, first class postage prepaid, or by hand delivery, or by facsimile to all counsel of record not registered in the Court's Electronic Case Filing System, on Monday, May 11, 2009.

/s/ *Perry R. Staub, Jr.*