UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY | * | C.A. NO. 08-4882 c/w 08-4958 |
| | * | SECTION "L", JUDGE FALLON |
| VERSUS | * | DIVISION (4) |
| SNEED SHIPBUILDING, INC. | * | MAG. ROBY |
| *   *   *   *   *   *   *   * | | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

**MAY IT PLEASE THE COURT:**

### A. Course of Proceedings

Both plaintiffs, Fireman's Fund Insurance Company (hereinafter "FFIC") and Federal Insurance Company (hereinafter "Federal"), filed their respective complaints for declaratory judgment alleging the admiralty jurisdiction of this court, under 28 USC § 1333, in regard to the insurance policies issued by FFIC and Federal to Sneed in regard to a dry dock built at Sneed's shipyard in Channelview, Texas.

FFIC, in addition to the allegation of admiralty jurisdiction, also plead in the alternative, diversity jurisdiction.

Defendants' Sneed have previously filed a motion to dismiss (Rec. Doc. 16 in C.A. No. 08-4882 and Rec. Doc. 7 in C.A. No. 08-4558) based upon lack of justiciable issue and the Court's discretion not to entertain declaratory judgment proceedings when state court proceedings provide a viable, alternative forum. That motion is still under consideration by this court. In that regard, the Court should be aware that Judge LaRose in the pending parallel litigation in the 17th JDC, Parish of Lafourche, has scheduled a trial date of August 23, 2010 (or alternatively June 21, 2010) in *Superior Shipyard & Fabrication, Inc. v. Sneed Shipbuilding, Inc., Martin Sneed, Federal Insurance Company, and Fireman's Fund Insurance Company*, Action No. 108910, in Lafourche Parish.

In addition, Rule 12(h)(3), FRCP, specifically provides that lack of subjection matter jurisdiction is not waived if prior Rule 12(b) motions have already been filed.

### B. Drydock is not a Vessel and Insurance Regarding Drydock is not Marine Insurance

As previously asserted in Sneed's opposition (Rec. Docs. 25 & 26) to FFIC's motion for summary judgment, a dry dock is not considered a vessel for purposes of admiralty jurisdiction, *Cope v. Vallette Dry Dock*, 119 U.S. 624, 75 S.Ct. 336 (1887), *Keller v. Dravo Corp.,* 441 F.2d 1239, 1971 AMC 1797 (5th Cir. 1971), cert den., 404 U.S. 1017, 92 S.Ct. 679 (1972), *Cook v. Bolder Concrete Products*, 472 F.2d 999, 1973 AMC 285 (5th Cir. 1973); *G. Gilmore & C. Black,* The Law of Admiralty, Section 1-11, pg. 33 (2d ed. 1975).[1]

---

[1] Only when the dry dock is actually in transit, and thus a marine object (in the way of a dumb barge) and is involved in a collision could it be considered a vessel, e.g., *Bender Shipbuilding & Repair Co., Inc. v. C. N. Lloyd Brasileiro*, 874 F.2d 1551 (5th Cir. 1989).

2

Therefore, even if an insurance policy covering risks on a dry dock is written on a marine insurance policy form, it is still not a marine insurance contract and not within the maritime contract jurisdiction of this court.  As stated by the Ninth Circuit in *Royal Insurance Company of America v. Pier 39 Limited Partnership*, 738 F.2d 1035, 1036-1037 (9th Cir. 1984), "Policies of marine insurance clearly are within admiralty jurisdiction . . . But the resemblance of the policies to typical marine insurance is not enough to bring them within the jurisdiction . . . For an insurance policy to be within admiralty jurisdiction, the interests insured, and not simply the risks insured against, must be maritime . . .  Therefore, even if we accept that the policies cover marine risks, we still must decide whether the breakwater and dock are maritime interests such that contracts relating to them will be within admiralty jurisdiction.  Insurance on vessels is clearly within the jurisdiction . . . If the breakwater and dock constitute vessels, the district court had jurisdiction over Royal's policies. We have found no cases that consider whether floating breakwaters and docks are vessels . . . [T]he general rule is that stationary floating dry docks are not vessels . . . Because the dock and breakwater were stationary, the general rule of Cope applies.  If stationary floating dry docks are not vessels, we do not see why a stationary floating moorage dock or its protective breakwater should be."

It is generally accepted that insurance contracts on dry docks are outside admiralty jurisdiction, 2. T. Schoenbaum & J. McClellan, Admiralty and Maritime Law, Section 19-2, at pg. 253 (4th ed. 2004).

Of course, in addition, regarding the subject matter jurisdictional analysis, the court is well aware that a contract to build a vessel is not a maritime contract, therefore the underlying claim asserted by Superior Shipyard against Sneed Shipbuilding in the 17th JDC lawsuit, (in which FFIC

and Federal have been added as defendants in Superior's amended complaint) for which Sneed seeks defense and indemnity from FFIC and Federal is <u>not</u> within the Court's admiralty jurisdiction.  G. Gilmore & C. Black, <u>The Law of Admiralty</u>, Section 1-10, at pg. 26 (2d ed 1975).

### C.  Conclusion

Therefore, movants submit that the Court lacks subject matter jurisdiction over the declaratory judgment complaints filed by FFIC and Federal and must dismiss this action.

*ATTORNEYS FOR SNEED SHIPBUILDING, INC. and MARTIN SNEED*

 /s/ Francis J. Barry, Jr.
FRANCIS J. BARRY, JR. (LA. BAR #2830)
PAUL D. HALE (LA. BAR #30539)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
fbarry@dkslaw.com
phale@dkslaw.com


STEVE M. SIKICH (LA. BAR #18026)
SIKICH LAW FIRM
P. O. Box 1432
309 E. Sallier Street, Suite B
Lake Charles, Louisiana 70601
Telephone: (337) 721-8008
ssikich@sikichlaw.com

>PERRY R. STAUB, JR. (LA. BAR #12414)
>TAGGART MORTON, LLC
>1100 Poydras Street, Suite 2100
>New Orleans, Louisiana 70163-2100
>Telephone: (504) 599-8500
>pstaub@taggartmorton.com
>
>F. E. BILLINGS (TX. BAR #02315000)
>BILLINGS & SOLOMON, P.L.L.C.
>460 Riviana Building
>2777 Allen Parkway
>Houston, Texas 77019-2129
>Telephone: (713) 528-2111
>Facsimile: (713) 528-0980
>frankblaw@aol.com
>*Of Counsel*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 8th day of September, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record. I further certify that, on the same day, I mailed, faxed or e-mailed the foregoing document and notice of electronic filing to all attorney(s) of record who are non-CM/ECF participants.

>/s/ Francis J. Barry, Jr.
>**FRANCIS J. BARRY, JR.**

5