# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIREMAN'S FUND INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 08-4882**<br>Ref: All Cases |
| **SNEED'S SHIPBUILDING, INC., ET AL** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) filed by all Defendants (Rec. Doc. 28), a motion to dismiss the declaratory judgment action of Federal Insurance Co. filed by Defendant Sneed's Shipbuilding, Inc. (Rec. Doc. 7), and a motion to dismiss the declaratory judgment action of Firemen's Fund Insurance Co. filed by Sneed's Shipbuilding, Inc. (Rec. Doc. 16). For the following reasons, Defendants' motion to dismiss for lack of jurisdiction under Rule 12(b)(1) (Rec. Doc. 28) is now DENIED. Furthermore, Sneed Shipbuilding, Inc.'s motion to dismiss the declaratory judgment action of Federal Insurance Co. (Rec. Doc. 7) and motion to dismiss the declaratory judgment action of Firemen's Fund Insurance Co. (Rec. Doc. 16) are now GRANTED IN PART AND DENIED IN PART.

## I.   BACKGROUND

These consolidated declaratory judgment actions arise from litigation pending in state court concerning the construction of a dry dock by Sneed's Shipbuilding, Inc. ("Sneed"). Superior Shipyard and Fabrication, Inc. ("Superior") contracted with Sneed to build a dry dock. When defects were discovered in the dry dock, Superior filed suit in

the 24th Judicial District Court for the Parish of Jefferson against Sneed alleging (a) that the dry dock failed to meet contract specifications; (b) that Sneed had breached their warranty; and (c) that Superior was entitled to lost profits.  Sneed thereafter requested defense and indemnity from Firemen's Fund Insurance Co. ("Firemen's Fund") pursuant to a builder's risk policy and from Federal Insurance Co. ("Federal") under a marine general liability policy.  Relying on various exclusions contained within the respective insurance policies, both insurers denied coverage to Sneed for the claims asserted by Superior.

On February 7, 2008, the state court litigation was transferred to the 17th Judicial District Court for the Parish of Lafourche.  On July 21, 2008, Superior amended its petition to include the insurers as direct defendants under the Louisiana Direct Action Statute.  On February 17, 2009, FFIC and Federal filed a Motion for Summary Judgment in state court in Lafourche Parish.  Judge F. Hugh LaRose denied the insurers' Motion for Summary Judgment on April 1, 2009 and has scheduled a trial date of August 2010 in Lafourche Parish.  On October 30, 2009, Sneed filed suit against Federal and FFIC (among others) in Orange County, Texas, under the Texas Business & Commerce Code and the Texas Insurance Code for deceptive trade practices and fraud and misrepresentation.

On November 12, 2008, Firemen's Fund filed suit in this Court seeking a declaratory judgment that there is no coverage under the policy.  On November 18, 2008, Federal filed a similar declaratory judgment action.  These cases were consolidated on

December 12, 2008. Jurisdiction of this Court is premised on federal maritime jurisdiction, or alternatively, on diversity.[1]

## II. PRESENT MOTIONS

On April 10, 2009, Sneed filed a motion to dismiss the declaratory judgment action of Federal, arguing that there is no justiciable case or controversy because resolution of any disputed coverage under the policy will be necessary only if a state court judgment is entered against Sneed and in favor of Superior. Alternatively, Sneed argues that the Court should exercise its discretion to dismiss or stay this action in the interests of judicial economy. On May 11, 2009, Sneed filed a similar motion to dismiss the declaratory judgment action of Firemen's Fund. The insurers have responded and take the position that resolution of their liability under the respective policies is ripe for determination by this Court. They further assert that the Court should refrain from dismissing or staying these actions. On September 8, 2009, Sneed filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing that the court lacks both admiralty jurisdiction and diversity jurisdiction.

## III. LAW & ANALYSIS

A party may challenge the subject matter jurisdiction of the Court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "Lack of subject matter jurisdiction may be found in any of one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to

---
[1] On December 2, 2009, Federal was granted leave to amend their complaint to include diversity as an alternative basis of jurisdiction.

dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief." *Id.* "A federal district court may not entertain a case that does not fall within the judicial power of Article III of the Constitution and a statutory grant of subject matter jurisdiction. In other words, a case can only be properly filed in federal court if it invokes an independent basis of federal subject matter jurisdiction." 13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3522 (3d ed.2008). "District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and there is diversity between all parties." *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999). District courts also have original jurisdiction over maritime matters. 28 U.S.C. § 1333. In order for federal maritime jurisdiction over contracts to be properly invoked, the nature and character of the underlying contracts must be maritime. *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23-24, 125 S. Ct. 385, 393 (2004).

### A. Subject Matter Jurisdiction

Sneed does not seem to dispute that there is diversity amongst the parties named by Federal and Firemen's Fund in their respective complaints. Instead, Sneed argues that the Plaintiffs have failed to join an indispensable party to this litigation, namely Sneed's insurance agent. The inclusion of this indispensable party, Sneed argues, would destroy this Court's diversity jurisdiction. Rule 19 of the Federal Rules of Civil Procedure governs joinder and requires a two-part inquiry. First, the Court must determine whether the party in question is a "required party" as defined by Rule 19(a). If so, then Rule 19 requires that the party be joined unless doing so would destroy the Court's diversity

jurisdiction.  If the Court's jurisdiction would be destroyed, "then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation."  *Lejeune v. Omni Energy Services Corp.*, Case No. 09-194, 2009 WL 3740626, at *2 (W.D. La. Nov. 6 2009); *see also* Fed. R. Civ. P. Rule 19.

In this case, Sneed's insurance agent is not a required party under Rule 19(a), nor would the factors listed in Rule 19(b) require dismissal of these declaratory actions.  Sneed's allegations against their insurance agent are that they failed to provide adequate coverage to Sneed.  On the other hand, the dispute presently before the Court involves the nature and extent of Sneed's insurance coverage pursuant to two separate policies that were actually in effect.  Any additional coverage that Sneed's insurance agent could or should have recommended is entirely irrelevant to the instant case.  This Court is more than capable of adjudicating the instant dispute and providing complete and satisfactory relief amongst the parties on the issues before it without the joinder of Sneed's insurance agent and without prejudicing any party or the insurance agent.

In light of the fact that Rule 19 does not require joinder of Sneed's insurance agent and considering that Sneed does not dispute the diversity of the existing parties, the Court has diversity jurisdiction.  Accordingly, Sneed's motion to dismiss for lack of jurisdiction under Rule 12(b)(1) (Rec. Doc. 28) is denied.  At this time the Court need not determine whether or not it also possesses federal maritime jurisdiction.  Such a determination may later become necessary to determine what law applies to the insurance contracts at issue here.  However, this analysis will require a careful inquiry into the nature of the contracts and the Court will undertake this review at the appropriate time.

### B. Case or Controversy

Sneed next argues that the dispute in this case is hypothetical and conjectural because defense and indemnity will only be an issue if they should be held liable to Superior in the state court proceedings. Thus, they argue that the Court lacks subject matter jurisdiction over this declaratory judgment action because there is no actual case or controversy. A federal court may only issue a declaratory judgment when there exists a substantial controversy of sufficient immediacy and reality between the parties having an adverse legal interest. *Middle South Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Circuit, 1986); see also 28 U.S.C. § 2201.

In support of their contention that no case or controversy exists, Sneed relies on *Hendrix v.* Poonai, 662 F.2d 719 (11th Cir. 1981). In *Hendrix*, a group of doctors who were considering denying an applicants readmission to a hospital staff sought a declaratory judgment to determine the legal ramifications of their potential decision. *Id.* at 720-21. The United States Court of Appeals for the Eleventh Circuit affirmed the district court's decision to dismiss the action for lack of case or controversy because the doctors sought a determination of an entirely hypothetical set of facts. *Id.* at 722. However, when an insurer seeks to determine the extent of its liability under a policy prior to the completion of pending state court litigation, courts have held that an actual case or controversy exists. *Evanston Ins. Co. v. Broadway Grocery, Inc.*, Case No. 06-1603, 2008 WL 2883803, at *3-4 (W.D. La. July 25, 2008) ("This action is about whether or not [an insurer] *may be liable* under the . . . policy at issue, and that potential liability is not, for example, 'based upon the possibility of a factual situation that may

never develop.'" (quoting *Rowan Companies, Inc. v. Griffin,* 876 F.2d 26 (5th Cir.1989) (emphasis in original))).

In this case, unlike *Hendrix*, Firemen's Fund and Federal have sought a declaration of their actual liability under their respective insurance policies. Sneed has made an actual claim against each insurer, which has been denied in each case. Furthermore, the insurers have been directly sued by Superior in state court. These claims are not hypothetical and neither are the obligations that the insurers seek to have clarified. Thus, the case at bar is much closer to *Evanston* that it is to *Hendrix* and the Court finds that an actual case or controversy exists.

### C.    The Court's Discretion to Dismiss or Stay Declaratory Judgment Actions

While Fifth Circuit law is clear that a district court has discretion to dismiss a declaratory judgment action, that discretion must not be exercised in an arbitrary manner. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994). Instead, the Fifth Circuit has made it clear that a district court should consider the following factors in determining whether dismissal is appropriate:

> '1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy,' [and] 7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 590-91 (quoting *Travelers Ins. Co. v. Louisiana Farm Bureau Federation,* 996 F.2d 774, 778 (5th Cir.1993)). In this case, after consideration of these factors the Court concludes that dismissal is not appropriate.

Sneed, in arguing that the Court should dismiss these consolidated declaratory judgment actions, focuses its analysis on the first and sixth factors. While the Court is mindful that there is state court litigation pending which includes all of the parties to this suit, it does not appear that the state court litigation will resolve the defense and indemnity issues raised by the insurers in this litigation. Thus, the first factor does not weigh in favor of dismissal. In addition, Sneed does not point to any impermissible forum shopping. Nor do they point to any inequities or inconveniences that they would suffer as a result of the federal forum. Accordingly, the dismissal of this action is inappropriate.

However, in light of the fact that an August trial date is set in the underlying state court action and in an effort to avoid duplicative litigation, it is appropriate to stay this declaratory judgment action. Accordingly, IT IS ORDERED that the matter is stayed pending further orders of the Court. Additionally, a status conference shall be held in the Courtroom of Judge Eldon E. Fallon on October 1, 2010, at 8:30 a.m. Counsel are directed to appear in person. At this conference, the parties should be prepared to discuss the progress of the state court proceedings as well as the status of these declaratory judgment actions.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motion to dismiss for lack of jurisdiction under Rule 12(b)(1) (Rec. Doc. 28) is now DENIED.

Furthermore, Sneed Shipbuilding, Inc.'s motion to dismiss the declaratory judgment action of Federal Insurance Co. (Rec. Doc. 7) and motion to dismiss the declaratory judgment action of Firemen's Fund Insurance Co. (Rec. Doc. 16) are now GRANTED IN PART AND DENIED IN PART.

New Orleans, Louisiana, this <u>4th</u> day of <u>January</u>, 2010.

						_____
						UNITED STATES DISTRICT JUDGE